J-S53010-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMIN EMMANUEL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 184 MDA 2015 |

Appeal from the PCRA Order January 2, 2015,
Court of Common Pleas, Lebanon County,
Criminal Division at No. CP-38-CR-0000193-2012

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED AUGUST 17, 2015**

Appellant, Amin Emmanuel Flowers ("Flowers"), appeals from the order entered on January 2, 2015 by the Court of Common Pleas, Lebanon County, denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth herein, we affirm.

The PCRA court provided the following summary of the factual and procedural history:

> On November 14, 2011, Trooper Luke Straniere [("Trooper Straniere")] of the Pennsylvania State Police was conducting traffic patrol on the Pennsylvania Turnpike.  While driving within Lebanon County, Trooper Straniere encountered a vehicle traveling unusually slow in the right lane of travel. The driver had headphones in both ears in violation of Section 3314(a) of the Vehicle Code.  As a result, Trooper Straniere conducted a traffic stop.

---

[1]  42 Pa.C.S.A. §§ 9541-46.

Trooper Straniere identified [] Flowers [] as the driver of this vehicle. He learned during the encounter that the vehicle he stopped was owned by Christopher Flowers. No explanation was provided with respect to why [Flowers] was operating the vehicle owned by someone else.

Trooper Straniere was familiar with Christopher Flowers from a previous encounter. He stated that Christopher Flowers has an extensive history of drug trafficking. During a prior encounter on the Turnpike, Trooper Straniere stated that Christopher Flowers possessed a bag containing $12,000 in cash that he could not adequately explain.

Trooper Straniere issued a written warning to [Flowers] for the headphone use. He then stated that [Flowers] was free to go. After Trooper Straniere terminated the initial traffic stop, he initiated conversation with [Flowers]. He asked for [Flowers'] permission to search the vehicle. [Flowers] responded: "Do you have to search the vehicle?" [Flowers] then asked: "What would happen if I do not allow the search?" Trooper Straniere responded that he would call a canine to sniff the vehicle.[] As a result, [Flowers] signed a Consent to Search form. During the search that ensued, Trooper Straniere located marijuana and cocaine. As a result, [Flowers] was charged with two counts of Possession With Intent To Deliver A Controlled Substance[, 35 P.S. § 780-113(a)(30),] and one count of Possession Of Drug Paraphernalia[, 35 P.S. § 780-113(a)(32)].

[Flowers] waived arraignment and the case was set to proceed to trial on July 9, 2012. [Flowers] was provided with discovery, which included the police report, Miranda waiver and consent form, and other documents on March 20, 2012.[] On May 3, [Flowers] filed a Motion to Suppress. An omnibus pre-trial hearing was conducted on August 1, 2012 at which Trooper Straniere testified and was subjected to extensive cross-examination. On

August 24, 2012, the Commonwealth filed a Motion to Dismiss, claiming that [Flowers] did not establish a reasonable expectation of privacy in the vehicle that was searched. [The trial court] dismissed the Suppression Motion on September 19th. [Flowers] filed a Motion to Reconsider, which [was] also denied.

After waiving his jury trial and then withdrawing that waiver, [Flowers] ultimately entered an open guilty plea one half hour before trial was set to commence. He was sentenced on July 24, 2013 to a minimum of four years' imprisonment. On June 13, 2014, [Flowers] filed a PCRA Petition based entirely on *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013), in which he claimed that his "right to a jury trial" was violated. [The PCRA Court] denied his petition on September 15, 2014, because he had voluntarily waived trial when he entered his guilty plea. That opinion indicated that [Flowers] had thirty days to file an appeal to the Pennsylvania Superior Court.

On October 1, 2014, [Flowers] filed a Supplemental Petition for Post-Conviction Relief, alleging issues beyond the scope of his original complaint. Specifically, [Flowers] alleged ineffectiveness of counsel based upon the fact that his former counsel waived a preliminary hearing and failed to "adequately" argue a suppression issue. [The] Supplemental Petition was forwarded to the District Attorney's Office but not directly to [the PCRA] [c]ourt. As a result, [the PCRA court was] not immediately aware of the Supplemental Petition and did not therefore undertake any prompt action pertaining to it.

On December 26, 2014, [Flowers] filed a *pro se* document entitled "Motion Objecting To Decision Of The Courts…[.]" This motion contained largely boilerplate information that was not case-specific. However, the *pro se* document did include an allegation that [Flowers'] initial counsel erred by

- 3 -

convincing him to waive his preliminary hearing. It also contained allegations that his former counsel "failed to properly challenge meritorious issues at the discovery hearing…[.]"[] …

On January 2, 2015, [the PCRA court] entered a Court Order to address [Flowers'] "Motion Objecting To Decision Of The Courts…[.]" In [the] Court Order, [the PCRA court] reiterated the fact that [the court] had denied [Flowers'] initial PCRA on September 15, 2014. [The PCRA court] noted that [Flowers] did not file an Appeal from [the] September 15, 2014 Court Order. [The PCRA court's] January 2, 2015 Order also noted [Flowers'] Supplemental Petition for Post[-]Conviction Relief that was filed on October 1, 2014. [The PCRA court] addressed both of the issues raised by [Flowers] in his Supplemental Petition. With respect to [Flowers'] argument regarding waiver of the preliminary hearing, [the PCRA court] cited case law that has established that once a defendant's case is resolved by a finding of guilt before the Court of Common Pleas, issues pertaining to the preliminary hearing are deemed moot because they are deemed to be subsumed by what occurred before the Court of Common Pleas. With respect to [Flowers'] allegations of error with respect to counsel's performance at the pre-trial hearing, [the PCRA court] deemed those allegations "imprecise and vague" and [] denied them on that basis. [The PCRA court] therefore reiterated that all of [Flowers'] proffered claims for relief under the Post[-]Conviction Relief Act were denied without the need to conduct a factual hearing.

Trial Court Opinion, 3/12/15, at 1-5. (footnotes omitted).

On January 27, 2015, Flowers timely filed an appeal. On appeal, Flowers raises the following issues for our review:

> 1. Whether plea counsel was ineffective for waiving [Flowers'] preliminary hearing even though [Flowers] wanted a hearing?

- 4 -

2. Whether plea counsel was ineffective for failing to adequately argue at [Flowers'] suppression hearing, thus causing [Flowers] to lose his motion?

Flowers' Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 42 A.3d 1059 (Pa. 2012)). A PCRA petitioner must establish the claim by a preponderance of the evidence. **Commonwealth v. Gibson**, 925 A.2d 167, 169 (Pa. 2007).

Before reaching the merits of a petitioner's claim, section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This Court has held that the timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." **Commonwealth v. McKeever**, 947 A.2d 782, 784-85 (Pa. Super. 2008) (citing **Commonwealth v. Davis**,

916 A.2d 1206, 1208 (Pa. Super. 2007)). Therefore, "no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Id*.

Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*. at n.1 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)). The petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008) (citing 42 Pa.C.S.A. § 9545(b)(2)).

In this case, the trial court sentenced Flowers on July 24, 2013. Flowers did not file a direct appeal, and thus, his judgment of sentence became final thirty days later, on August 24, 2013. *See* Pa.R.A.P. 903(a). Flowers, however, did not file the instant PCRA petition until October 1, 2014. Because Flowers did not file the instant petition within one year of the date the judgment became final, we conclude that Flowers' petition is facially untimely.

In its opinion, the PCRA court initially questioned the characterization of Flowers' petition, as the petition was titled, "Supplemental Petition for Post[-]Conviction Relief." PCRA Court Opinion, 3/12/15, at 5-6. The PCRA court noted that "there was technically nothing pending before [the PCRA] [c]ourt to 'supplement.'" *Id.* at 6. The PCRA court nevertheless concluded that Flowers' petition was either fatally deficient for not complying with Rule 902 of the Rules of Criminal Procedure, governing the filing of such motions, or Flowers' petition was an untimely attempt to appeal the denial of his initial PCRA petition. *Id.*

Our review of the record reveals that Flowers' "Supplemental Petition for Post[-]Conviction Relief" was an attempt to amend his first PCRA petition. On September 29, 2014, Flowers sent a letter to his attorney stating, "I would like to ask you to please file a motion to the Judge, petitioning the Judge to allow me to motify [sic] my PCRA Petition. I only ask this because after reviewing the Judges [sic] decision, I am aware of my

error, in properly raising my issues and defending them." Flowers'
Correspondence, 9/29/14. Counsel for Flowers subsequently filed the
"Supplemental Petition for Post[-]Conviction Relief" on October 1, 2014.

This Court has held that "[i]n the absence of a final ruling on a timely-
filed first PCRA petition, another petition for post-conviction relief can be
considered an amended first timely petition." **Commonwealth v.
Swartzfager**, 59 A.3d 616, 619 (Pa. Super. 2012) (citing **Commonwealth
v. Williams**, 828 A.2d 981 (Pa. 2003)). In this case, however, Flowers filed
the Supplemental Petition fifteen days after the PCRA court denied his first
petition for post-conviction relief, and thus, cannot properly be considered
an amendment to his first timely petition. **See id**.

Moreover, "[o]ur Supreme Court has consistently rejected 'various
theories devised to avoid the effects of the [PCRA's] one-year time
limitation[.]'" **Commonwealth v. Callahan**, 101 A.3d 118, 123 (Pa. Super.
2014) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1157 (Pa.
2003)). Our Supreme Court has expressly rejected the theory that an
untimely petition may be treated as an "extension" of a first timely petition,
and has held that "the 'extension' theory is not one of the three exceptions
to the time-bar requirements in the PCRA[.]" **Commonwealth v. Johnson**,
841 A.2d 136, 140 (Pa. Super. 2003) (citing **Robinson**, 837 A.2d at 1161-
62).

Thus, in order to overcome the untimeliness of his petition, Flowers must have established that one of the three exceptions to the timeliness requirement applied in order for this Court to reach the merits of his claim. Flowers, however, did not invoke any of the three exceptions. As a result, we are without jurisdiction to address the merits of his claim and his petition must be dismissed. The PCRA court did not err in denying his petition for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015